IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA,

v.   CASE NO. 5:05-cr-00045-RS-GRJ

TREVIN NUNNALLY,

_____/

## REPORT AND RECOMMENDATION

This case is before the Court on Doc. 259, Defendant's *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, as supplemented by Docs. 264 and 266. The motion stems from Defendant's jury-trial conviction for conspiracy to distribute and to possess with intent to distribute 50 grams or more of cocaine base and 5 kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A)(ii)-(iii) and 846, for which Defendant is serving a 328-month sentence. The claims in the instant motion focus on the process by which the grand jury that indicted Defendant was impaneled and the racial composition of the grand jury. The Government has filed a response, Doc. 277, and Defendant has filed a reply, Doc. 279. For the following reasons, the undersigned recommends that the motion to vacate be denied.[1]

## Background

Defendant's indictment charged that he conspired together with Bruce Falson, Rodderick Davis, and other persons, to sell cocaine from January 1, 2000, through the date of the indictment, December 13, 2005. Doc. 1. There is nothing in the record that

---

[1] The issues presented by the motion may be resolved on the basis of the record, and therefore no evidentiary hearing is necessary. *See* Rule 8, Rules Governing Section 2255 Proceedings.

shows that Defendant ever challenged the composition of the grand jury or the process by which it was impaneled. Following his conviction, Defendant appealed on the grounds that the Court erred by: (1) failing to acquit him on the basis of an unconstitutional constructive amendment of the indictment; (2) failing to acquit him based on a material variance between the single conspiracy alleged in the indictment and the proof at trial of multiple conspiracies; (3) failing to give a multiple conspiracy jury instruction; and (4) admitting at trial statements made by an out-of-court declarant to a co-conspirator. There was no issue raised on appeal regarding the impaneling or composition of the grand jury. The Eleventh Circuit affirmed Defendant's conviction. Doc. 223.

## Motion to Vacate

The instant motion conclusionally asserts that persons were excluded from the grand jury that indicted the defendant based on race, and that the defendant was deprived of his right to voir dire potential grand jurors prior to the grand jury's selection. Defendant also contends that he was not provided notice of the time and place of the impaneling of the grand jury that later indicted him. Defendant asserts that he should be furnished the 1975 through 2005 census of Bay County and grand jury venire lists. *See* Docs. 259, 264, 266.

## Discussion

The Government has offered several meritorious reasons as to why Defendant is not entitled to relief on his claims, and Defendant has provided no cogent rebuttal to the Government's arguments. *See* Docs. 277, 279. These reasons may be briefly summarized as follows.

First, Defendant's claims are procedurally barred because they were not raised in the trial court or on appeal, and Defendant has alleged no cause or prejudice to overcome the procedural default. *See United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000).

Second, Defendant's claims are untimely under 28 U.S.C. § 1867, which governs motions to dismiss indictments on the ground that the grand jury was not lawfully impaneled. *See* 28 U.S.C. § 1867(e); Fed.R.Crim.P. 6(b). Section 1867 sets forth the exclusive means by which a person accused of a Federal crime may challenge a jury on the basis that the jury was not selected in conformity the provisions of the Jury Selection and Service Act. The Act specifically prohibits the exclusion of potential grand and petit jurors on the basis of race. *See* 28 U.S.C. §§ 1862; 1867(e). The Act has a timeliness requirement and a sworn statement requirement. 18 U.S.C. § 1867(a) & (d); *United States v. Dean*, 487 f.3d 840, 849 (11th Cir. 2007). Before the voir dire examination begins, or within seven days after the defendant discovered or could have discovered the grounds for challenging the jury, whichever is earlier, the defendant may move to dismiss the indictment or stay the proceedings against him on the ground of substantial failure to comply with the provisions of the Act. 28 U.S.C. § 1867(a); *Dean*, 487 F.3d at 848-49 . The timeliness requirements are strictly construed. *Dean*, 487 F.3d at 849. Where a criminal defendant does not attempt to inspect grand jury lists and materials within seven days of his indictment, which is the date on which he could have discovered if there were grounds for a challenge, he fails to meet the deadline for filing a motion to stay under § 1867(a). *Id*.

The record does not show that Defendant sought to inspect grand jury lists or

materials within the required time period, and therefore the claims in the instant motion are untimely. Further, 28 U.S.C. § 1867(d) mandates that all motions challenging compliance with the Act must by supported by a sworn statement of facts which, if true, show a failure to comply with the Act. *Id*. Defendant has provided no such sworn statement.

Third, assuming *arguendo* that Defendant's claims were not untimely and procedurally barred, his conclusional assertions do not provide a basis for relief under § 2255. To establish a prima facie case that potential grand jurors were excluded based on their race:

> T]he first step is to establish that the group is one that is a recognizable, distinct class, singled out for different treatment under the laws, as written or applied. . . . Next, the degree of underrepresentation must be proved, by comparing the proportion of the group to the total population called to serve as grand jurors, over a significant period of time. . . . Finally, as noted above, a selection procedure that is susceptible of abuse or is not racially neutral supports the presumption of discrimination raised by the statistical showing. . . . Once the defendant has shown a substantial underrepresentation of his group, he has made out a prima facie case of discriminatory purpose, and the burden then shifts to the State to rebut that case.

*Castaneda v. Partida*, 430 U.S. 482, 494-95 (1977); *see also Rose v. Mitchell*, 443 U.S. 545, 565 (1979).

The Government points out that Defendant has failed to allege facts establishing any degree of underrepresentation of African-Americans on grand juries in the Northern District of Florida. The Government notes that Defendant's grand jury was selected in accordance with the amended Plan for the Random Selection of Grand and Petit Jurors (the "Jury Plan"), which was signed by the judges of this Court and approved by the

Reviewing Panel of the United States Eleventh Judicial Circuit. The Plan provides for the random selection of jurors, without regard to race. Defendant points to no evidence showing that his grand jury was not selected in accordance with the Plan, or that selection of his jury under the Plan resulted in the exclusion of African-Americans. There is no basis under § 2255 for providing Defendant with census data.

Finally, Defendant's claim that he was wrongfully denied the opportunity to participate in the grand jury voir dire is wholly without merit because the grand jury process does not allow voir dire by the Government, the public, or persons who might be indicted, nor is the Government required to provide defendants with notice of the impaneling of a grand jury or the opportunity to attend at the selection of the grand jury. *See* Fed.R.Crim.P. 6.

## Conclusion

In light of the foregoing, it is respectfully **RECOMMENDED**:

That the amended motion to vacate, Doc. 259, be **DENIED** and that a certificate of appealability be **DENIED.**

IN CHAMBERS this 26th day of January 2011.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.